**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1978-16T1

N. IOAKIMIDIS, LLC, and
STELLA'S PIZZA, INC.,

    Plaintiffs-Appellants,

v.

DIRECTOR, DIVISION
OF TAXATION,

    Defendant-Respondent.

_____

Submitted March 13, 2018 — Decided July 17, 2018

Before Judges Sumners and Moynihan.

On appeal from Tax Court of New Jersey,
Docket Nos. 14362-2014 and 14364-2014.

Fernando Iamurri, PC, attorney for
appellants (Fernando Iamurri, on the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent (Heather Lynn Anderson,
Deputy Attorney General, on the brief).

PER CURIAM

The Division of Taxation (the Division) issued sales tax

assessments for a restaurant owned and operated by plaintiffs N.

Ioakimidis, LLC and Stella's Pizza, Inc., which was based upon a

methodology that did not rely upon business records because the records were deemed inadequate. Plaintiffs appeal the Tax Court's denial of their summary judgment motion contesting the assessments and the granting of the Division's cross-motion that the assessments were proper. We affirm.

In 2009, Nick Ioakimidis, owner and principal shareholder of Stella's Pizza, Inc., transitioned operations of "Stella's Pizza" from Stella's Pizza, Inc. to N. Ioakimidis, LLC, bearing a different taxpayer identification number. A Pre-Audit Questionnaire by the Division revealed that Stella's Pizza was not retaining necessary business records, such as guest checks, cash disbursement journals, sales journals, deposit slips, vendor bills, payroll records, and cash register tapes. During a pre-audit meeting in April 2011, the Division's auditor requested plaintiffs produce their business records.

After two years expired without the records being produced, another pre-audit meeting in May 2013 resulted in a renewed records request. This time, plaintiffs responded by producing: two Point of Service (POS) statements for the tax period of January 1, 2006 to May 31, 2012; copies of W-2 and NJ W-3[1] forms for tax years 2007 through 2009; a price list for tax year 2011;

---

[1] Gross Income Tax Reconciliation of Tax Withheld.

bank statements from Valley National Bank and PNC Bank; partial vendor purchase invoices from Bart Foods from 2005 to 2010; a vendor list for the period of April 1, 2005 through March 31, 2009 and of May 1, 2010 through May 31, 2012; and partial vendor purchase invoice from Kalimera Food from 2006 to 2012.

After a careful review of the limited business records, the auditor found several deficiencies: (i) inconsistencies between gross receipts reported on plaintiffs' Corporation Business Tax (CBT) returns and gross receipts reported on plaintiff's Sales and Use Tax (SUT) returns; (ii) disparities between the menu prices identified on plaintiffs' website and the paper menu supplied by plaintiffs following the pre-audit meetings; (iii) the SUT collected by plaintiffs exceeded the SUT remitted to defendant; (iv) plaintiffs' bank statements did not correspond to the reported gross receipts; (v) the sum of plaintiffs' cancelled checks fell short of the purchase totals reported by plaintiffs; (vi) none of the POS records corresponded to plaintiffs' SUT returns; (vii) plaintiffs' paid wages in cash and did not record all payroll transactions; and (viii) all cash received from business operations was not deposited into plaintiffs' bank accounts. The auditor also found inconsistencies with individual line items for the identical tax

periods and a discrepancy in the gross sales figures between the POS records.

Consequently, the auditor conducted a markon analysis to test plaintiffs reported taxable sales and determined that a 3.0 markon ratio should be applied to the purchases for the audit period. Plaintiffs' SUT deductions were rejected for failure to present any documentation. The auditor further applied the applicable SUT rate to each audit year, and thereafter, reduced the sum of the SUT paid by plaintiffs with their SUT returns.

The Division next issued Notices of Assessment Related to Final Audit Determination to plaintiffs. Plaintiffs filed a notice of protest. The Division's conferee[2] accepted the 3.0 markon ratio and determined plaintiffs failed to maintain adequate books and records and adequate internal control procedures. The Division determined that because "the integrity of the POS records [were] in question," Stella's Pizza, Inc. was assessed $161,354.04 in unpaid CBT, SUT, Gross Income Tax — Employer Withholding (GIT), and Litter Control Fee, including penalties and interest, and N. Ioakimidis, LLC was assessed

---

[2] The Division's Conference and Appeals Branch employ a conferee who conducts administrative conferences with taxpayers. Clorox Prods. Mfg. Co. v. Director, Div. of Taxation, 24 N.J. Tax 223, 227 n.6 (Tax 2008).

$76,506.06 in unpaid SUT and GIT, including penalties and interest.

After plaintiffs challenged the determination in Tax Court, the parties' filed their respective motions for summary judgment. In a comprehensive written opinion, Judge Joshua D. Novin decided in the Division's favor. He rejected plaintiffs' arguments that the Division erred in disallowing the POS statements to determine their gross sales during the audit periods; that the documents the Division requested were not statutorily required to be maintained; that the Division had the burden to analyze the POS system; and that the markon ratio and methodology employed in making the assessments were flawed and produced an arbitrary and capricious assessment.

The judge found that because plaintiffs failed to satisfy N.J.A.C. 18:24-2.4 by preserving sales slips, invoices, receipts, cash register tapes, and guest checks receipts corroborating the accuracy of the two POS statements provided, the Division appropriately determined plaintiffs' summary records were inaccurate. The judge cited N.J.S.A. 54:32B-19, which provides that "if a [tax] return when filed is incorrect or insufficient, the amount of tax due shall be determined by the director from such information as may be available. If necessary, the tax may be estimated on the basis of external

indices." He further relied upon <u>Yilmaz, Inc. v. Dir., Div. of Taxation</u>, 390 N.J. Super. 435, 441 (App. Div. 2007), which held that the Division's Director was "given broad authority to determine the tax from any available information and, if necessary, to estimate the tax from external indices." Hence, the judge found it suitable that the auditor "turned to consideration of other evidence to estimate plaintiffs' gross sales and tax obligations," such as the 3.0 markon ratio; noting plaintiffs failed to show it "produced an inconsistent or aberrant result." The judge explained, plaintiffs

> have not argued, offered, maintained or demonstrated that at trial that they will or are prepared to offer the testimony of an accountant, auditor, examiner or other expert in the field who has conducted a review or analysis of plaintiffs' business records, POS statements, SUT returns and the auditor's file, and would offer substantive alternate calculations to those of the auditor. Thus, a trial in this matter would seemingly amount to the court's review of [Division's] audit and conference practices on the basis of plaintiffs' unsubstantiated challenges to the auditor's and conferee's final conclusions. [The] standards governing the review of motions for summary judgment do not permit such proceeding.

Plaintiffs appeal arguing:

POINT I

THE LOWER COURT ERRED IN DENYING PLAINTIFFS' SUMMARY JUDGMENT MOTION AND GRANTING DEFENDANT'S CROSS[-]MOTION BY FAILING TO

6

RECOGNIZE THE INHERENT LAWS AND ARBITRARY ASSUMPTIONS IN THE DIRECTOR'S METHODOLOGY AND BY DISREGARDING THE FACT THE DIRECTOR VIOLATED STATUTORY LAW BY DISCOUNTING THE DOCUMENTATION PROVIDED BY PLAINTIFFS[] IN ORDER TO PROPERLY DETERMINE GROSS SALES.

A. The Lower Court failed to recognize the unmistakable inherent flaws and wholly arbitrary assumptions in the State Auditor's markup methodology and calculations.

B. The Lower Court failed to recognize that the Arbitrator Deviated from Statutory Law by Arbitrarily Disregarding the Point of Sale Statements and the Plaintiffs' Accountant's Certification.

POINT II

THE LOWER COURT ERRED IN GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION BY SUBSTANTIALLY DEVIATING FROM THE BRILL[3] STANDARD SET FORTH BY OUR COURTS WHEN CONSIDERING SUMMARY JUDGMENT APPLICATIONS.

To inform our review of plaintiffs' contentions, we consider some well-known general standards. When reviewing an order granting summary judgment, we apply "the same standard governing the trial court." Oyola v. Xing Lan Liu, 431 N.J. Super. 493, 497 (App. Div. 2013). A court should grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We accord no

---

[3] Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995).

deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citations omitted). Summary judgment should be denied when the determination of material disputed facts depends primarily on credibility evaluations. Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011). Although both parties moved for summary judgment, because the court granted judgment in favor of the Division, we consider the facts in a light most favorable to plaintiffs. Brill, 142 N.J. at 523.

"A taxpayer challenging the [Division]'s determination bears the burden of proof." UPSCO v. Dir., Div. of Taxation, 430 N.J. Super. 1, 8 (App. Div. 2013) (citing Atl. City Transp. Co. v. Dir., Div. of Taxation, 12 N.J. 130, 146 (1953)). Those transactions enumerated by the SUT Act, N.J.S.A. 54:32B-1 to -55, are "presumed" to be "subject to tax until the contrary is established, and the burden of proving that any such receipt, charge or rent is not taxable . . . shall be upon the person required to collect tax or the customer." N.J.S.A. 54:32B-12(b). N.J.S.A. 54:32B-3(b) imposes a tax on the "receipts from every sale . . . of" certain services. These include services connected with "[i]nstalling tangible personal property," or "[m]aintaining, servicing, or repairing real property." N.J.S.A. 54:32B-3(b)(2) and (4).

Generally, we review "[a] tax court's interpretation of a statute . . . de novo." _Presbyterian Home at Pennington, Inc. v. Borough of Pennington_, 409 N.J. Super. 166, 180 (App. Div. 2009) (citing _Twp. of Holmdel v. N.J. Highway Auth._, 190 N.J. 74, 86 (2007)). On the other hand, we are mindful that we extend some deference to the Division's interpretation of the operative law based on "the Director's expertise, particularly in specialized and complex areas of the Act," and the Director's responsibility to interpret the law he is charged with enforcing. _Koch v. Dir., Div. of Taxation_, 157 N.J. 1, 8 (1999). "However, this deference is not total, as the courts remain the final authorities on issues of statutory construction." _Ibid._ (citation omitted).

Applying these standards, we conclude plaintiffs' arguments lack sufficient merit to warrant discussion in a written opinion, _R._ 2:11-3(e)(2), and we affirm substantially for the reasons set forth by Judge Novin in his cogent decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1978-16T1